UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA D. SCHROCK,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )    1:14-cv-00069-JMS-DML<br>) |
| CAROLYN W. COLVIN, *Acting Commissioner*<br>*of Social Security Administration*,<br>    *Defendant*. | )<br>)<br>)<br>) |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Pamela D. Schrock applied for disability insurance benefits and supplemental security income from the Social Security Administration ("SSA") on June 3, 2011. After a series of administrative proceedings and appeals, including a hearing before Administrative Law Judge ("ALJ") John Metz, the ALJ determined that Ms. Schrock was not entitled to disability insurance benefits or supplemental security income. In October 2013, the Appeals Council denied Ms. Schrock's request for a review of the ALJ's decision, rendering that decision the final decision of the Defendant, Commissioner of the Social Security Administration ("the Commissioner"), for the purposes of judicial review. *See* 20 C.F.R. § 404.981. Ms. Schrock then filed this action under 42 U.S.C. § 405(g), requesting that the Court review the Commissioner's denial.

### I.
### STANDARD OF REVIEW

The Court's role in this action is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the

credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citation omitted) (alterations in original). "An affirmative answer leads either to the next step, or, on Steps Three and Five, to a finding that the claimant is disabled. A negative answer at any point, other than Step Three, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.*

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating all limitations that arise from medically determinable impairments, even those that are not severe. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ may not dismiss a line of evidence contrary to the ruling. *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the

appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Ms. Schrock was thirty-five years old on the alleged onset date of her disability, July 21, 2006. [Filing No. 14-2 at 30.] She has a high school education. [Filing No. 14-2 at 30.] Ms. Schrock suffers from several physical and mental impairments, which will be discussed as necessary below.[1] She meets the insured status requirements of the Social Security Act through December 31, 2011. [Filing No. 14-2 at 20.]

Using the five-step sequential evaluation set forth by the SSA, the ALJ issued an opinion on October 12, 2012. [Filing No. 14-2 at 18-31.] The ALJ found as follows:

- At Step One, the ALJ found that Ms. Schrock did not engage in substantial gainful activity[2] since the alleged onset date of her disability, July 21, 2006. [Filing No. 14-2 at 21.]

- At Step Two, the ALJ found that Ms. Schrock suffered from the following severe impairments: multiple sclerosis, restless leg syndrome, migraines/sinusitis, obesity, mild degenerative disc disease, depression, and anxiety. [Filing No. 14-2 at 21.]

- At Step Three, the ALJ found that Ms. Schrock did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Specifically, the ALJ concluded that the relevant listings were either not met or that there was no listing for certain impairments (e.g., restless leg

---

[1] Ms. Schrock detailed pertinent facts in his opening brief, and the Commissioner did not dispute those facts. Because those facts implicate sensitive and otherwise confidential medical information concerning Ms. Schrock, the Court will simply incorporate those facts by reference herein. Specific facts will be articulated as needed.

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a) and § 416.972(a).

- 3 -

syndrome and migraines). [Filing No. 14-2 at 21-23.] The ALJ also determined that Ms. Schrock has the RFC to perform light work[3] with certain additional limitations. [Filing No. 14-2 at 23-29.]

- At Step Four, the ALJ found that Ms. Schrock was unable to perform her past relevant work as a secretary. [Filing No. 14-2 at 29-30.]

- At Step Five, the ALJ found that Ms. Schrock could perform other jobs existing in the national economy such as a housekeeper, general office clerk, and machine packing tender. [Filing No. 7-2 at 19-20.]

Based on these findings, the ALJ concluded that Ms. Schrock was not disabled and thus not entitled to disability insurance benefits or supplemental security income. [Filing No. 14-2 at 31.] Ms. Schrock sought review of the ALJ's decision from the Appeals Council, but it denied her request for review. [Filing No. 14-2 at 8-11.] Ms. Schrock's appeal from the Commissioner's decision is now before this Court.

## III.
### DISCUSSION

Ms. Schrock presents several challenges to the ALJ's decision, which she groups into two broad categories: (1) that the ALJ failed to build a logical bridge between the evidence and his conclusion, [Filing No. 19 at 7-11]; and (2) that the ALJ improperly assessed Ms. Schrock's credibility, [Filing No. 19 at 11-15]. Within the first category Ms. Schrock includes a vast array of arguments, many of which are insufficiently developed, do not fit within the category in which they are placed, and ignore certain portions of the ALJ's decision. Nevertheless, the Court need not parse which of these arguments should be deemed waived or set out each instance in which the ALJ's opinion is ignored, as one argument raised by Ms. Schrock requires the Court to reverse the ALJ's decision and remand this case. The Court therefore turns directly to that argument.

---

[3] Light work is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

- 4 -

Ms. Schrock maintains that the ALJ improperly analyzed whether the limitations she alleged were credible. [Filing No. 19 at 12.] Specifically, Ms. Schrock contends that the ALJ impermissibly rejected her testimony regarding her activities of daily living solely because they were not substantiated by objective medical evidence, and to the extent the ALJ provided additional reasons for doing so, the ALJ failed to build a logical bridge between the evidence and the conclusions reached. [Filing No. 19 at 12-13.]

The Commissioner offers only a brief response to this argument. [Filing No. 24 at 23.] First, the Commissioner acknowledges that the ALJ noted that Ms. Schrock's statements regarding her activities of daily living cannot be objectively verified with any reasonable degree of certainty especially "in light of the relatively weak medical evidence and other factors." [Filing No. 24 at 23.] But the Commissioner maintains that this is not problematic since "[t]he ALJ nonetheless characterized [Ms. Schrock's] activities as 'fairly limited,' [even though] the other credibility factors outweighed such limited activities." [Filing No. 24 at 23.]

Ms. Schrock replies that the Seventh Circuit and this Court have both held that the identical language used by the ALJ in this case to undermine Ms. Schrock's credibility is insufficient. [Filing No. 27 at 4-5.] As in those cases, Ms. Schrock argues that the ALJ ignored corroborating evidence (her mother's testimony) regarding her alleged activities of daily living and impermissibly rejected her testimony solely on the ground that it was not corroborated by medical evidence. [Filing No. 27 at 4-5.] Finally, Ms. Schrock contends that the credibility analysis conducted by the ALJ was so vague that it leaves this Court no meaningful way to review the ALJ's decision. [Filing No. 27 at 5; *see* Filing No. 19 at 12.]

Because "the ALJ is in the best position to determine a witness's truthfulness and forthrightness[,]" the Court "will not overturn an ALJ's credibility determination unless it is patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (citations and quotation marks omitted); *see also Prochaska*, 454 F.3d at 738 ("We afford a credibility finding considerable deference, and overturn it only if patently wrong.") (citations and quotation marks omitted). However, the ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements." *Shideler*, 688 F.3d at 311 (citations omitted). In the end, the Court "will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Although [the Court] will not reweigh the evidence or substitute [its] own judgment for that of the ALJ, [it] will examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions sufficient to allow [the] reviewing court[] to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014); *see Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (stating that an ALJ's decision will be upheld "so long as it is supported by substantial evidence and the ALJ built an accurate and logical bridge between the evidence and her conclusion") (citation and quotation marks omitted).

The Court's analysis begins with the ALJ's decision. The ALJ determined that Ms. Schrock has the RFC to perform light work if subject to several additional limitations (*e.g.*, she can never climb ladders, ropes, or scaffolds). [Filing No. 14-2 at 23.] In reaching this conclusion, the ALJ first noted that the medical expert stated that the "[RFC] assessment is fully supported by the objective medical evidence" and that "[t]here is no evidence to support the claimant's inability to perform the range of work described [in the RFC]." [Filing No. 14-2 at 23.] The ALJ also noted

that the psychological expert stated that "the claimant's subjective complaints are greater than what is evidenced by the objective record." [Filing No. 14-2 at 24.] The ALJ then went on to outline Ms. Schrock's allegations. [Filing No. 14-2 at 24-25.] At the hearing, Ms. Schrock testified to a range of physical and mental limitations she experienced. [Filing No. 14-2 at 24-25.] For example, the ALJ stated that Ms. Schrock testified that she suffers from "chronic fatigue," which causes her to "sleep[] most of the day." [Filing No. 14-2 at 24.] The ALJ noted that Ms. Schrock "reported limited activities of daily living secondary to chronic fatigue." [Filing No. 14-2 at 25.]

The ALJ next set forth the following boilerplate negative credibility determination: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." [Filing No. 14-2 at 25.] The ALJ then detailed at length the medical evidence regarding Ms. Schrock's physical and mental impairments. [*See* Filing No. 14-2 at 25-28.]

Finally, the ALJ turned to his analysis of Ms. Schrock's alleged activities of daily living. The ALJ stated as follows:

> The claimant's activities of daily living have been discussed in part above. Although the claimant has described daily activities that are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitations to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.

[Filing No. 14-2 at 29.]

The ALJ himself recognized that Ms. Schrock alleged that her daily activities were "fairly limited," yet he declined to find her allegations entirely credible. [Filing No. 14-2 at 29.] However, neither of the reasons provided by the ALJ for discounting Ms. Schrock's allegations are adequate. First, the ALJ reasoned that the "allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty." [Filing No. 14-2 at 29.] This exact language has been addressed and criticized by the Seventh Circuit and this Court. *See Thomas v. Colvin*, 534 Fed. Appx. 546, 551 (7th Cir. 2013); *Shelley v. Colvin*, 2014 WL 1653079, *6 (S.D. Ind. 2014). In each of the cases critical of this reasoning, the ALJ simply ignored that the claimant provided a third-party statement—in this case one was provided by Ms. Schrock's mother—corroborating the claimant's testimony regarding her daily activities. [Filing No. 14-6 at 13-20.] In *Thomas*, the Seventh Circuit described the ALJ's justification as "nonsensical" given that there was corroborating evidence in the record. *Thomas*, 534 Fed. Appx. at 551 (describing the ALJ's same justification as that in this case as "nonsensical" given that it "ignores the fact that [the claimant's] daughter . . . confirmed the type and extent of [the claimant's] daily activities"); *see also Shelley*, 2014 WL 1653079, at *6.

The ALJ's second reason—that it is "difficult to attribute [the alleged] degree of limitation to the claimant's medical condition . . . in the view of the relatively weak medical evidence and other factors discussed in this decision"—is equally unavailing. [Filing No. 14-2 at 29.] The ALJ's reliance on the "relatively weak medical evidence" as a basis to reject Ms. Schrock's alleged limitations is inappropriate, as it is well-established that "the ALJ cannot reject a claimant's testimony about limitations on her daily activities solely by stating that such testimony is unsupported by the medical evidence." *Moore*, 743 F.3d at 1125; *see* SSR 96-7p, 1996 WL 374186, *1 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the

effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."); *see also Bjornson v. Astrue*, 671 F.3d 640, 646 (7th Cir. 2012); *Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). The ALJ's reliance on "other factors discussed in this decision" is equally problematic. The ALJ must build a "logical bridge from the evidence to the conclusions sufficient to allow [the] reviewing court[] to assess the validity of the [ALJ]'s [conclusions]." *Moore*, 743 F.3d at 1121. Merely referencing "other factors" without articulating what those factors are and how they undercut Ms. Schrock's allegations prevents the Court from assessing the validity of the ALJ's reasoning.

In sum, the Court cannot assess the validity of the ALJ's reasons without knowing the specific "relatively weak medical evidence" and "other factors" on which the ALJ relies. The requirement that an ALJ build a logical bridge between the evidence and each of the ALJ's conclusions is critical to allowing adequate review of the ALJ's decision. *See Moore*, 743 F.3d at 1121. Although the ALJ in this case thoroughly discussed the medical and other evidence, in concluding that Ms. Schrock's allegations regarding her activities of daily living were not entirely credible, the ALJ failed to identify what specific evidence, and what about that specific evidence, led him to his conclusions. On remand, the ALJ should ensure that he explains each of the conclusions in his decision by building a logical bridge from the specific evidence on which he relies to the conclusions he reaches. By doing so, the ALJ may resolve many of Ms. Schrock's other bases for reversal that the Court did not need to reach in this decision.

# IV.
## Conclusion

For the reasons stated herein, the ALJ's denial of relief is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion. Final Judgment shall issue accordingly.

January 27, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**